## Richmond

### DALE WEGNER CHEVROLET, INC. v. COMMONWEALTH OF VIRGINIA.

November 27, 1972.

Record No. 7926.

Present, I'Anson, Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Thomas J. Wilson, III,* for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

On Saturday, June 26, 1971, appellant, Dale Wegner Chevrolet, Inc., a licensed automobile dealer in Harrisonburg, Virginia, entered into negotiations with Mrs. Barbara A. Hensley for the sale of a new 1971 Chevrolet pick-up truck for the sum of $3,546.40. In payment, Mrs. Hensley was to trade in a 1969 Dodge Dart automobile valued at $2,246.40 and execute a note and an installment security agreement covering the unpaid balance of $1,300.00, a lien for which was to be reserved to the dealer.

The new truck was to be titled jointly in the names of Mrs. Hensley and her son, Ronald B. Hensley. Mrs. Hensley delivered to the dealer the certificate of title to the Dodge registered in her son's name. The dealer delivered to Mrs. Hensley a power of attorney form authorizing transfer of the Dodge title, an application for registration of the new truck, and an application for new truck license tags. All three forms were in blank. The first was to be signed by the son

and the second and third by Mrs. Hensley and her son, jointly, and all were to be returned to the dealer on the following Monday.

Using dealer tags under the written permission required by § 46.1-115 of the Code, Mrs. Hensley left Harrisonburg in the new truck for her son's home in White Sulphur Springs, West Virginia. Later that Saturday, in Alleghany County, Virginia, Mrs. Hensley, without the consent or knowledge of the dealer, permitted K. O. Nicely, whose driver's license she knew had been revoked, to operate the truck. Pursuant to § 46.1-351.1 of the Code, the truck was seized and became liable to forfeiture under § 46.1-351.2. Under § 46.1-351.2(e), the dealer moved the trial court to release the forfeiture and restore the vehicle to its innocent owner.

On July 16, 1971, the trial court, upon a finding that Mrs. Hensley was the beneficial owner of the truck, ordered the truck forfeited to the Commonwealth and sold, subject to the dealer's thirteen hundred dollar lien. The dealer posted bond for stay of execution and petitioned for a writ of error to the judgment order, which we granted.

The crucial question is ownership at the moment of seizure. At that moment, the truck was unregistered; no one had paper title. The dealer was not required as a condition of ownership of a new vehicle to have a certificate of title. Code § 46.1-117. Mrs. Hensley had not acquired a certificate of title. She held only a blank application for a certificate of title, unsigned by herself, her son, or the dealer.

Nor did she have beneficial ownership. At the moment of seizure, the transaction was hardly midway between inception and consummation. Consummation awaited the consensus of all three parties to the transaction. The son, who was to be a joint owner of the new truck and who owned the trade-in Dodge which was to constitute nearly two-thirds of the consideration for the transaction, had not been a party to the negotiations and had performed no act evidencing his consent to the bargain. Consummation could have been defeated by the want of a stroke of his pen.

We hold that, at the moment of seizure, Dale Wegner Chevrolet, Inc., was the innocent owner of the new truck and entitled to release of forfeiture and restoration. The judgment is reversed and the case remanded for entry of an order to that effect, with the costs to be paid by the Commonwealth.

*Reversed and remanded.*